| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**

*Jerry Smith*

**DEFENDANTS**

*Bank of New York Mellon (it's Listed in the complaint)*

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

*Jerry Smith Pro-Se*
*914 762-2921*

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☑ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☑ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Creditor's failure to validate the Debt.*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☑ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☑ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ *40,000* |

**Other Relief Sought**

*dismissal of unperfected Debt.*

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR JERRY Smith | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING Southern | DIVISION OFFICE | NAME OF JUDGE Judge Lane |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF JERRY Smith | DEFENDANT BANK of New York Mellon | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING Southern | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Jerry Smith* | | |
| DATE 11/12/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) JERRY Smith | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jerry Smith / Pro Se
75 Spring Valley Road
Ossining New York 10562
Phone: (914) 762-2921
Email: JerrySmithworks12@Gmail.com

FILED
U.S. BANKRUPTCY COURT
2025 NOV 12 A 11: 06
S.D. OF N.Y.

# UNITED STATES BANKRUPTCY COURT STATE OF NEW YORK
# IN THE SOUTHERN DISTRICT OF NEW YORK

IN RE: JERRY SMITH    Debtor /pro se
        *Plaintiff,* )
           )
    v.      )
           )
Bank of New York Mellon, as Trustee for )
Holders of First Horizon Alternative Securities )
Trust FA8 2005. Nr. Cooper and First Horizon )
Home Loans Corporation     )
           )
           )
      *Defendants,*

Case No. ~~22-22624-CGM~~
Chapter 13

## ADVERSARY PROCEDINGS

Complaint for Breach of Contract
Failure To Perfect The Underline Debt,
cloud of Title  Fraud Upon The Court

Date:

Time:

Place:

---

On August 19, 2005, Defendant and his wife signed a Mortgage Contract with First Horizon

Home Loans, 'hereinafter First Horizon".  On August 19, 2005,the Defendant and his wife signed a

Mortgage Contract with First Horizon to payoff an existing mortgage loan in favor of Emigrant

Mortgage Company, hereinafter, Emigrant. The contract was specific or implied the duties and

obligations of both parties. First

 Horizon's first obligation was to pay off lien held by Emigrant to perfect the debt.

 First Horizon second obligation was to obtain a lien satisfaction from Emigrant and provide it

the Plaintiff to show proof of payment of funds to Emigrant

 First Horizon's third obligation and duty was to retrieve Emigrant's Original Note and give to

Plaintiff to protect him against any future claims that may arise under that note.

Jerry Smith, herein, Debtor/ Plaintiff, commenced this adversary proceeding against Bank of New York Mellon, as successor to First Horizon, alleging that First Horizon never perfected that debt and that Bank of New York Mellon obtained a debt from First Horizon that was not Perfected. The Plaintiff further allege that First Horizon committed three separate Material Breaches off that Contract that caused that contract to become void and unenforceable against the Plaintiff.

Bank of New York Mellon is now attempting to collect payment from the Plaintiff for non-payment of that un-perfected debt.

First Horizon breached that Mortgage Contract and failed to perfect. that debt when they failed to pay $600,000.00 to Emigrant Mortgage Company on August 19, 2005, that was required under that contract.

First Horizon failed to provide the Plaintiff with a lien satisfaction from Emigrant, as required under that contract, and First Horizon failed to provide the Plaintiff with Emigrant's Original Note that was also required under that contract. all three breaches are legal causes why the contract is unenforceable against the Plaintiff.

## JURISDICTION.

This Court has jurisdiction of this adversary proceeding pursuant *to 11 U.S.C. § 727.*

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE
Venue is proper under 28 U.S.C. § 1409.

## PARTIES

Plaintiff Jerry Smith, at all relevant times herein, has resided in the State of New York with the principal address at 75 Spring Valley Road, Ossining New York 10562 for the past 40 years.

Defendant, Bank of New York Mellon a/k/a Bank of New York is an Investment Bank organized under the laws of the State of Delaware, with a principal place of business in the State of New York that manages Securitized Debts purchased by Investors on Wall-Street. Defendant,

First Horizon Home Loans Corporation, hereinafter First Horizon, is organized under the laws of the State of Delaware with their principal place of business being situated and located in the State of Texas. Nationstar Mortgage Servicer, formally, Centex Home Equity, a/k/a, Mr.

Cooper is a Loan Servicer organized in the State of Texas, with their corporate office located in the State of Texas

On August 19, 2005, Defendant and his wife signed a Mortgage Contract with First Horizon to remove an existing mortgage loan in favor of Emigrant Mortgage Company, hereinafter, Emigrant.

The contract was specific or implied the obligations and fiduciary duties of both parties. To perfect the debt, First Horizon had to payoff the lien held by Emigrant Mortgage Company before the Plaintiff became obligated to begin the monthly payments.

First Horizon never paid funds to Emigrant. First Horizon never provided the Plaintiff with a proper and legal Lien Satisfaction from Emigrant, as proof of perfection of the debt, and First Horizon never provided the Plaintiff with Emigrant's Original Note, to protect him against any future claims that may arise under that Note.

First Horizon's failure to perform their contractual obligations for 20 years, causes a material breaches that are irreversible. Each breach, within itself can independently cause a material breach of that contract, making that contract to be void and unenforceable against the Plaintiff. Bank of New York Mellon], as successor to First Horizon, cannot demand payment from the Plaintiff for debt arising under that contract.

3

New York State Contract Laws provides that," a material breach occurs when the breach affects the parties so much that the contract obligations can no longer be fulfilled. In the event of a material breach, the non-breaching parties is entitled to stop performing their obligations under the contract and can sue for breach of contract damages. If one party fails to perform their duties in such a way that renders the agreement irreparably broken, it is considered a material breach. The affected party may then be able to take action to collect damages. The Defendant, as the non-breaching party chose to exercise his rights to end payments for such breaches of the August 19, 2005 contract.

First Horizon had a contractual obligation to pay funds to Emigrant Mortgage Company on August 19, 2005, that would have perfected the debt. the Plaintiff has no obligation and refused to pay First payments for a loan that they did not fund. T also refused to make payments on a contract the they breached. The Debtor has no obligation make any payments to First Horizon for debt arising under that un-perfected debt.

First Horizon failure to advance funds to Emigrant Mortgage Company cause that no debt can occur. Where Emigrant's Mortgage Lien, still exist against Plaintiff home, he is not obligated to make payments to Frist Horizon.

First Horizon Home alleges to have obtained ownership rights to title to Plaintiff's home by way of that un-perfected debt. Plaintiff is the legal owner with superior rights to the title.

Bank of New York Mellon alleged to have obtained ownership rights in Plaintiff home by way of that August 19,2005 contract that they did not fund. First Horizon Security Corporation claim to have obtained ownership rights to title, as the ownership right and depositor of First Horizon loan Certificates and Emigrant Mortgage Company has a claim to ownership rights to Plaintiff title through the unpaid lien that exist against Plaintiff's home. The Plaintiff is the owner, with superior rights to ownership of the title. A cloud on the title occurs, when multiple individuals and entities

4

claim to have ownership right to the same property, that must be resolved before that property can be sold or transferred.

## INTRODUCTION

This Adversary Proceedings is to determine the validity of debt alleged in Proof of Claim filed by Bank of New York Mellon in the chapter 11 bankruptcy case of Debtor Jerry Smith, case number 2322928(SHL), pending in the U.S. Bankruptcy Court for the Southern District of New York in the White Plains Court. Debtor Commenced this Adversary Proceeding, where he disputes the validity of the debt alleged in Bank of New York Mellon's Proof-of-Claims, when First Horizon committed 3 Materials Breaches of the August 9, 2005 contract and were First Horizon failed to pay funds to Emigrant Mortgage Company as required under that August 19, 2005 contract. Non-funding of the debt by First Horizon as required under that contract causes that debt to become unperfected.

Issues presented in this court is the validity of the underline Debt before Bank of New York Mellon can demand payment from the Plaintiff in this Bankruptcy,

## FACTUAL ALLEGATIONS

The Plaintiff, on august 19, 2005, signed a mortgage loan agreement with First Horizon Home Loans. The contract provided that First Horizon must pay $600,000 to Emigrant Mortgage Company before the Plaintiff had to begin making payments. The contract also provided for two other contractual obligation. Their first obligation was to pay funds to Emigrant Mortgage Company to perfect the debt, second, First Horizon was required to obtain a Lien Satisfaction from Emigrant Mortgage Company and third, First Horizon had to retrieve and return Emigrant's Original Note to the Plaintiff.

Westchester County Records and evidence provided show that Bank of New Mellon never performed any of their contractual obligations and that the underline debt was never perfected.

Plaintiff performed his contractual obligation by making each and every monthly mortgage payments on time and without default. For a period of 8 years, beginning October 1, 2005 up to September 1, 2013, Debtor paid $7,800.00 of monthly payments to Frist Horizon without default. This was $400 more than the monthly payment of $7,400. Plaintiff paid to First Horizon over $400,128 of principal and interest over that period of time.

Bank of New York Mellon cannot use that un-perfected debt as cause of action in their Proof-of-Claims to collect payment arising under that contract, that was made void when First Horizon failed to perform their contractual obligations.

Review of the documents and evidence, submitted by Bank of New York Mellon, in their Foreclosure Action, show that First Horizon had not paid Emigrant on August 19, 2005 as they alleged.

Closing Statement, of the August 19, 2005 closing show that funds, "allegedly         ", went to  5 East 42 Street Payoff, a  non-party in that mortgage contract. This is the fourth  party that can now  allege  ownership  of the Title, creating a cloud to  ownership of Debtor's Title.

### AS FOR A FIRST CAUSE OF ACTION

Breach of Contract

First Horizon had agreed to pay funds to Emigrant Mortgage Company Inc., a separate and independent Corporation with its headquarters located in the village of Elmsford New York where all mortgage transactions are handled

the Debtor in relation to the payment of Emigrant on August 19, 2005, as they are unknown to the Debtor and First Horizon must  provide proper proof that those funds went directly to Emigrant

6

on August 19, 2005 by way of Transfer of funds to Emigrant, or Certified or Bank Check made payable to Emigrant Mortgage Company on August 19, 2005.

Debtors' obligation was to pay to First Horizon monthly mortgage payment for the next thirty (30) years. Debtor paid each and every mortgage payment for the first eight years without default, but First Horizon never pay funds to Emigrant and their mortgage lien still exist against Debtor home. It has now been 2o years and First Horizon has not paid loan funds to Emigrant Mortgage Company and Emigrant's Mortgage Lien still exists against Plaintiff's home.

AS FOR A SECOND CAUSE OF ACTION
First Horizon's Material Breaches of Contract

It has been 20 years and First Horizon has jet to  pay funds to Emigrant Mortgage Company, as required under that August 19, 2005 contract.  it has been 20 years and First Horizon has jet to provide the Plaintiff with a Lien Satisfaction from Emigrant Mortgage Company.  It has been over 20 years and First Horizon has jet to provide the Plaintiff with Emigrant's Original Note.  Plaintiff will allege that,  because of the length, those breaches are irreversible and cannot be fixed, that causes them all, to be material  breaches of that August 19, 2005 contract.

New York State Contract Laws provides that In the event of a material breach, the non-breaching parties is entitled to stop performing their obligations under the contract and can sue for breach of contract. damages. The Plaintiff has paid Bank of New York Mellon, as sessor to First Horizon Home Loans over $375,000 of unjust principal and interest that should be returned to the Plaintiff.

AS FOR A THIRD CAUSE OF ACTION
Failure to Perfect the Debt

On August 19, 2005,  First Horizon Home Loans entered into a loan agreement with the Plaintiff where it was agreed that First Horizon would pay Emigrant Mortgage Company  $600,000, on

7

August 19, 2005, in exchange for Plaintiff making monthly payments up to the year of 2038. The contract was specific or implied the obligations of First Horizon to pay funds to Emigrant Mortgage Company before the Plaintiff had to begin payment on the debt. First Horizon did not pay Emigrant Mortgage Company $600,000 on August 19, 2005, and they have not paid Emigrant Mortgage Company to this day. Court record show that Bank of New York Mellon knew, as early as 2016, that no funds were ever paid to Emigrant Mortgage Company, but they continued to demand payments from the Plaintiff that they were not entitled, without attempting to correct their breaches.

Documents submitted in their 2016 Foreclosure Complaint provide proof that no funds was paid to Emigrant Mortgage Company as required under that August 19, 2005 contract and that

Emigrant Mortgage Lien still exists against Plaintiff Home. |Bank of New York Mellon is attempting to collect on a debt that is un-perfected.


Settlement Statement closing provide proof that $601,000 was allegedly paid to 5 East 42nd Street payoff and not to Emigrant Mortgage Company in violation of that August 18, 2005 contract. There is no record of funds being transferred from First Horizon to Emigrant, Settlement Statement and Emigrant Mortgage Company is not listed on the Statement, as the Seller, receiving payoff funds.

The August 19, 2005 contract required that payoff funds must be made payable to Emigrant Mortgage Company and payment to anyone other than Emigrant Mortgage Company would be a violation of that Contract and the debt will be deemed un-perfected. This would deny Bank of New k Mellon, Creditor in this Bankruptcy, to collect Payment from the Plaintiff from that un-perfected debt. arising under that debt. and all payments made under that debt must be returned to the Plaintiff.

Documents provided by Bank of New York Mellon provide clear and undisputed evidence that First Horizon did not pay funds to Emigrant Mortgage Company on August 19, 2005, as required in

that contract. Documents provided to the court, provide clear and undisputed proof that both Bank of New York Mellon and their lawyers were aware and knew that they were attempting to collect on a debt that was never perfected.

Bank of New York Mellon, in their Motion for Summary judgement requested that the Judge grant the following;

**_Paragraph 20,_** " it appears from the public records that Emigrant mortgage Company Inc. holds a mortgage lien which is adverse to the Plaintiff's interest and which remains open of records as follows:
Westchester County Clerk has a lien on its records that Emigrant Mortgage Company Inc, which appears to be prior and adverse to the mortgage being foreclosed".

**_Paragraph 24,_** "The lien(s) of Defendant(s) Emigrant Mortgage Company Inc. appear(s) to be prior and adverse to the mortgage being foreclosed and is/are subject to being extinguished as they pertain to the subject property pursuant to Article 15 of the Real property" Actions and Proceedings Law".

**_Paragraph 25,_** Plaintiff hereby requests that the Order of Reference state the following:

"ORDERED, AJUDICADED AND DECREED, that the lien(s) which appear(s) to be prior and adverse to the mortgage being foreclosed, namely the lien of Defendant Emigrant Mortgage Company, Inc., and is/are hereby extinguished as they pertain to the subject property pursuant to RPAPL Article 15", and it is furthered

ORDERED, AJUDICADED AND DECREED, that the records be reformed to reflect that the lien(s) of Defendant(s) Emigrant Mortgage Company Inc., is/are extinguished as they pertain to the subject property, **see motion (exhibit (A)**

This is clear and undisputed evidence that Bank of New York Mellon knew that Emigrant Mortgage Lien had not been paid and that they were the one that was responsible to pay that debt, but they dared to ask the judge to relieve them from their contractual obligation, while at the same time holding the Plaintiff to a different standard.

It has been 20 years and First Horizon have yet to perform their contractual obligations. Emigrant lien still exist against Debtor's home, Emigrant's Original Note is still out there in the possession of someone or some entity that could someday, in the future demand payment of that Note.. as no tangible proof has been provided to prove that Emigrant received funds from First

Horizon in August of 2005 which would have perfected the Debt alleged in Bank of New York Mellon's Proof-of-Claim.

FOURTH CAUSE OF ACTION
Clauding of Title to the property

.   _At all times relevant to this action, Plaintiff have owned and   resided  in, and has superior claim to the Real property located at 75 Spring Valley Road, Ossining, New York 10562 as fully described in Deed of Trust recorded in 1990.

Plaintiff is informed and believes, and thereon alleges that Bank of New York Mellon did not provide proper continuity of both the Mortgage and Note prior to the  foreclose Complaint was filed in 2016, for the alleged default of that loan, but the records proves that First Horizon provided no funds to pay off the Emigrant Mortgage, as that Mortgage Lien remain on Plaintiff's home,  which make their complaint fraudulent and unenforceable.

Plaintiff is informed and believes, and thereon further alleges that. Defendant First Horizon on September 1, 2005, sold, and or transferred Plaintiff's Note to **First Horizon Asset Securities Corporation,** a different and separate Cooperation. Plaintiff is informed and believes, and thereon further alleges that That **First Horizon Asset Securities Corporation** became owner of Plaintiff's Note, and the depositor.  Certificates Series 2005-FA8.

12.    Plaintiff is informed and believes, and thereon alleges that on or about September 1, 2005, First Horizon Home Loans sold Plaintiff's Note to First Horizon Alternative Mortgage Securities Trust 2005 FA8 and became the Master Servicer for First Horizon Asset Securities Corporation and Bank of New Yor Mellon was the Trustee for First Horizon Home Loan Corporation/the Seller.

Plaintiff is informed and believes and thereon allege that First Horizon Home Loan Corporation was  the loan originator or lender who agreed to advance funds to pay off Plaintiff's Mortgage Loan, in favor of Emigrant Mortgage Company Inc., in the amount of $600,000.00.

10

Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them. Plaintiff desires a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

No proof has been forth coming from the Defendants, to prove that Emigrant Bank company had received funds form First Horizon on August 19, 2005 as they were obligated under that contract,

Bank of New York Mellon listed Emigrant as a Defendant in their Foreclosure and admitted in their Complaint, that Emigrant's mortgage lien was unpaid and still existed against Debtor home, see complaint, *see exhibit (A )*

Bank of New York Mellon, in their Order granting Summary-Judgement submitted in 2019, requested that the State Court dismiss Emigrant's lien or make it subordinate to their Lien,

*see (exhibit (B)*

DEBTOR'S OBJECTION TO PROOF OF CLAIMS

Debtor alleges three (3) reasons for objection to Proof-of-Claims and why claim must be dismissed.

1.  First Horizon never paid funds to Emigrant Mortgage company to perfect the debt, that would allow Bank of New York Mellon to collect payment in this Bankruptcy Petition.

2    First Horizon failed to perform their contractual obligations on three different occasions that caused a material breach of that contract that caused that contract to become unenforceable against the Debtor, and

3    Bank of New York Mellon failed to attach evidence of the perfection of debt, in violation of Rule 3001( c ) and ( d ). of Federal Rules of Bankruptcy Procedures that makes that Proof of Claim insufficient to prove validity of that debt. this objection requires that a Hearing must be held and the Creditor must prove the validity of the debt being allege.

Debtor is the owner and occupant of real property located at 75 Spring Valley Road Ossining New York 10562 and have lived there for past 40 years without missing a regular monthly payment.

On August 19, 2005 Debtor and his wife signed a mortgage contract with First Horizon to pay off an existing mortgage debt. with Emigrant. In January of 2016, Bank of New York Mellon as Trustee for Holders of First Horizon Alternative Mortgage Securities Trust 2005 FA8. Filed a complaint for foreclosure against the Debtor and his wife for default of payment.

Plaintiff's Closing Statement of August 19, 2005 shows no payment from First Horizon Home Loan to Emigrant, lender, which would cause the debt. but that funds allegedly went to 5 East 42nd Street Pay-off, an unknown entity.

Bank of New York Mellon purchased a mortgage loan from First Horizon Home Loans that was not funded, whereby no debt occurs. Neither First Horizon Home Loan nor Bank of New York Mellon have alleged that they paid funds to Emigrant Mortgage Company nor have they provided proof that First Horizon had in fact paid funds to Emigrant on August 19, 2005 as agreed under that contract.

Evidence submitted in State Court provides proof that First Horizon did not pay funds to Emigrant on August 19, 2005, as required under that note and that Emigrant's mortgage lien still exist and enforceable against Plaintiff's home.

Plaintiff paid to Bank of New York Mellon monthly payments on an ongoing basis up to September of 2022 and never missed a payment for 8 years and until August of 2013 when Nationstar became the Servicer and immediately began making false claims of default. and making false reports to the three major credit companies. This led to civil litigation that lasted until 2016.

Bank of New York Mellon's loan payment records provides proof that the Plaintiff paid each and every monthly payment on time and paid over $500,000.00 of unjust principal and interest to Bank of New York that caused the Plaintiff to be financially damaged. On March 19, 2019 Bank of New York Mellon was granted Summary Judgment for foreclosure on debt arising under that August

19, 2005 contract, that they knew at the time, was unenforceable because of First Horizon's failure to pay Emigrant and attempted to sell Plaintiff's home three Separate time that caused mental harm to Debt or and his family, arising from First Horizon' breach of that contract. Bank of New York Mellon received monthly payments of principal and interest up to and including September of 2022, under the ongoing and continuous fiduciary obligations of Both parties under that contract. Bank of New York Mellon alleges the August 19, 2005 Mortgage Loan of First Horizon as the debt stated in their Proof-Of-Claim. How ever, when First Horizon failed to pay Emigrant on August 19, 2005, no debt can occur and that debt is not perfected and the Defendants cannot enforce and collect payment from the Debtor under that contract. Bank of New York Mellon acquired ownership of a debt from First Horizon that was un-perfected that cannot be enforced against the Debtor under that contract signed in the state of New York.    When First Horizon Home Loans, signed a Mortgage Contract with Plaintiff r and his wife on August 19, 2005, they agreed and obligated themselves to perform certain contractual obligations and duties in consideration of thirty years of monthly mortgage payments from Debtor. First Horizon agreed to pay to Emigrant funds to pay-off 2004 mortgage debt held by Emigrant, which they did not do. They also agreed that they would remove Emigrant Bank's mortgage lien against Debtor's home, which they did not do. They further agreed to retrieve and return Emigrant's, "Original Note", to the Debtor to protect him and his family against future claims arising under that note, which they also fail to do.

All three are failures of their contractual obligations and duties under that August 19, 2005 contract are Material Breaches of that Contract which makes that contract void and unenforceable against the Debtor. "

First Horizon sold that un-perfected debt to Bank of New York Mellon as Trustee of various Investors on Wall-Street before paying Emigrant and before perfecting the debt, leaving Bank of New

13

Here we have a situation where First Horizon, "Lender". agrees to pay off Emigrant Mortgage Loan in exchange for monthly payment, but First Horizon did not pay off Emigrant's loan and Emigrant's lien remains on Plaintiff's home.  First Horizon then sold that loan to Investors on Wall Street without the loan being funded, causing the Investors purchased a debt that was un-perfected and unenforceable.

Plaintiff, on November 1, 2005, believing that the Lender has paid off the debt to Emigrant began making their monthly mortgage payment.  For 8 years the Debtor paid each and every monthly payment without default, paying more than $500,000.00 of principal and interest to Bank of New York. Plaintiff, after learning of First Horizon's breach of contract refused to make any further payments under the August 19, 2005 contract for Frist Horizon's breach of contract and failure to pay to Emigrant funds to pay Debtor loan debt.

New York State Contract Laws provides that in the event of a material breach; the non-breaching parties is entitled to stop performing their obligations under the contract and can sue for breach of contract. damages. Here we have First Horizon failing to perform any of their contractual obligations and left the Debtor exposed and un-protected against the lien and note of Emigrant and with an unpaid debt.

## CONCLUSION

Plaintiff and Wife signed a contract with First Horizon Home Loans on August 19, 2005, in New York State, under New York State Contract Law. First Horizon was to pay and remove a mortgage loan between Debtor and Emigrant Mortgage Corporation signed in 2004.  First Horizon responsibility was to remove and replace Emigrant's Mortgage with their own.  This required that First Horizon would pay-off debt to Emigrant and provide the Plaintiff with a Lien Satisfaction from Emigrant Mortgage Company.

Mellon is in possession of an unperfected debt that is unenforceable against the Debtor for reasons previously stated. Bank of New York Mellon is now attempting to collect payment of that un-perfected debt from the   in this Bankruptcy Petition.

Bank of New York Mellon knew at the filing of their Complaint for Foreclosure in 2016,  that the default of payment arrived under the August 19,2005 Mortgage Contract, where First Horizon agreed to pay to Emigrant funds to pay their loan and remove mortgage lien against Debtor's property in exchange for 30 years of monthly mortgage payments by the Debtor;

Bank of New York Mellon was aware and knew at the filing of their Complaint for Foreclosure, that First Horizon had not paid Emigrant and Emigrant's lien still existed against Debtor' home, whereby they included them as a Defendant and Lien Holder on Debtor property.

Bank of New York Mellon, at the time they filed their Motion for Summary Judgement in 2019, was aware and knew that Emigrant was never paid and that Emigrant's lien still existed against Plaintiff's home, whereby they requested that New York State Supreme Court extinguish Emigrant's Lien against Plaintiff's home..

Bank of New York Mellon further knew at the filing of Proof- of-Claims that    Emigrant Mortgage Company had not been Paid on August 19, 2005.

Bank of New York Mellon knew at the time that Emigrant's lien still existed against Debtor home at time of filing and Bank of New York Mellon knew at the time that the Debtor had not been given the Emigrant's "Original Note", as agreed under that August 19, 2005 contract.

Bank of New York Mellon knew in 2019, when they requested that New York State Supreme Court to extinguish Emigrant's   Lien, that Emigrants lien was still unpaid, furthermore they knew that First Horizon was responsible to pay that Emigrant lien.

14

First Horizon was obligated to pay funds to Emigrant Mortgage Company before the debt is deemed to be valid and binding on both parties. Perfection of the debt is necessary before First Horizon can demand payment from the Plaintiff and Bank of New York Mellon cannot collect on that un-perfected debt in this Bankruptcy and until a determination of status of ownership right is complete, no party shall be allowed to sale property.

**WHEREFORE,** the Plaintiff respectfully request that the Court deem the debt to be un-perfected and invalidated and that Bank of New York Mellon's proof of claim be disallowed and that the Plaintiff be refunded all payments made to the Defendants under that invalid debt and for such relief as the Court determines just and proper,

Dated: Ossining New York 10562
        November 11, 2025

Jerry Smith, Plaintiff Pro Se

INDEX NO. 69534/2016

At IAS Part ___ of the Supreme Court of the State of New York, held in and for the County of Westchester, at the courthouse thereof located at 111 Dr. Martin Luther King, Jr. Blvd., White Plains, New York 10601 on the _18th_ day of ___March___, 2019

PRESENT: HON. **HON. LINDA S. JAMIESON** **J.S.C.** ,J.S.C.

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2005-FA8, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT

        Plaintiff,

vs.

BRENDA SMITH, JERRY SMITH, EMIGRANT MORTGAGE COMPANY, INC., CARMINE FORGIONE LANDSCAPING INC., ASSET ACCEPTANCE LLC (CSSET ACCEPTANCE LLC), MRC RECEIVABLES CORP., JOHN DOE (being fictitious, the names unknown to Plaintiff intended to be tenants, occupants, persons or corporations having or claiming an interest in or lien upon the property described in the complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees creditors or successors),

        Defendant(s).

Index No. 69534/2016

Mortgaged Premises:
75 Spring Valley Road
Ossining, NY 10562

SECTION: 79.12
BLOCK: 1
LOT: 8

**ORDER GRANTING SUMMARY JUDGMENT, RELATED RELIEF AND APPOINTING A REFEREE TO COMPUTE**

"E"

**THIS MATTER** having been opened by way of Notice of Motion of plaintiff The Bank Of New York Mellon f/k/a The Bank Of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-FA8, by First Horizon Home Loans, a Division of First Tennessee Bank National Association, Master Servicer, in its Capacity as Agent for the Trustee Under the Pooling And Servicing Agreement ("Plaintiff") for

FILED: WESTCHESTER COUNTY CLERK 03/22/2019 04:

an Order seeking the entry of summary judgment and related relief; and upon the Summons and

Complaint filed herein and due proof that all defendants have been duly served with said process

and that no defendant, with the exception of defendant Brenda Smith and defendant Jerry Smith,

has appeared or otherwise filed an answer contesting the Complaint, and the time to do so having

expired;

AND upon the Affidavit of Affidavit of Kristen Trompisz, Sr. Assistant Secretary of

Litigation Support and Resolution Analyst for Nationstar Mortgage LLC d/b/a Mr. Cooper, sworn

to on October 25, 2018 in support thereof, and the affirmation of Caroline W. Lenci, Esq. of

Sandelands Eyet LLP, attorneys for Plaintiff, setting forth the prior proceedings and the various

procedural facts which entitle Plaintiff to the requested relief, and upon proof of due service

thereof; after review of the papers submitted in opposition, if any, and after due deliberation; *+ Mr. Smith styles his papers

IT IS on this 18th day of March 2019 as oppositon and cross-motion,

yet no cross-motion was filed. As the court found that plaintiff had standing

ORDERED, that Plaintiff's Motion be and hereby is granted in its entirety; and it is further in its

ORDERED, that the Answer and Affirmative Defenses of defendants Brenda Smith and Decision and Order of August 31, 2017,

Jerry Smith are hereby stricken; and it is further and that defendants could not question

the Pooling and Servicing Agreement, there is no basis to denying the Motion.

ORDERED, that the caption is amended to substitute Aaron Moore and Unidentified Male

Tenant in the place of "John Doe[s]" and striking remaining John Doe defendants; and it is further

ORDERED, that pursuant to N.Y. C.P.L.R. § 3215, default judgment is entered against

those defendants who were served but failed to appear, namely Emigrant Mortgage Company, Inc.;

Asset Acceptance LLC; MRC Receivables Corporation; Carmine Forgione Landscaping Inc.;

Aaron Moore; and Unidentified Male Tenant; and it is further

ORDERED, that the Mortgage recorded on October 12, 2005 in Instrument No.:

452690618 in the Office of the Westchester County Clerk is amended to correct the legal

Plaintiff shall send to ALL defendants
copies of all documents sent to the
Referee or the Court.

description attached thereto to correct certain typographical errors contained therein; and it is further

ORDERED, that the lien which is adverse to the Plaintiff's interest and which remains open of record, as evidenced by a mortgage document recorded on January 12, 2005 in the Westchester County Clerk's Office under Instrument Number 442750474, held by defendant Emigrant Mortgage Company, Inc. is hereby extinguished; and it is further

ORDERED, that this action be, and the same is hereby referred to Lynn P. Farrell, Esq. of 226 Horseshoe Circle Ossining, NY 10562 914-941-3161 as Referee to ascertain and compute the amount due to Plaintiff herein for principal, interest and other disbursements advanced as provided for in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises can be sold in parcels, and that the Referee make his/her report with convenient speed; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of this Rule, then the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and ALL parties any other party entitled to notice.

Compensation shall be $350 pursuant to CPLR § 8003(a).

ENTER:

Plaintiff shall move for a Judgment of Foreclosure and Sale within six months of this Order or the action will be dismissed, unless good cause is shown.

HON. LINDA S. JAMIESON, J.S.C.

3 of 3

FILED: WESTCHESTER COUNTY CLERK 05/31/2019

INDEX NO. 69534/2016

NYSCEF DOC. NO. 16

RECEIVED NYSCEF: 06/03/2019

FILED: WESTCHESTER COUNTY CLERK 03/22/2019 04:

NYSCEF DOC. NO. 137

RECEIVED NYSCEF: 03/22/2019

an Order seeking the entry of summary judgment and related relief; and upon the Summons and

Complaint filed herein and due proof that all defendants have been duly served with said process

and that no defendant, with the exception of defendant Brenda Smith and defendant Jerry Smith,

has appeared or otherwise filed an answer contesting the Complaint, and the time to do so having

expired;

AND upon the Affidavit of Affidavit of Kristen Trompisz, Sr. Assistant Secretary of

Litigation Support and Resolution Analyst for Nationstar Mortgage LLC d/b/a Mr. Cooper, sworn

to on October 25, 2018 in support thereof, and the affirmation of Caroline W. Lenci, Esq. of

Sandelands Eyet LLP, attorneys for Plaintiff, setting forth the prior proceedings and the various

procedural facts which entitle Plaintiff to the requested relief, and upon proof of due service

thereof; after review of the papers submitted in opposition, if any, and after due deliberation;
*and Mr. Smith styles his papers

IT IS on this 18th day of March 2019, as opposition and cross-motion

yet no cross-motion was filed. As the court found that plaintiff had

ORDERED, that Plaintiff's Motion be and hereby is granted in its entirety; and it is further standing

ORDERED, that the Answer and Affirmative Defenses of defendants Brenda Smith and nits

Decision and Order of August 31, 2017,

Jerry Smith are hereby stricken; and it is further and that defendants could not question

the Pooling and Servicing Agreement, there is no basis to denying the

ORDERED, that the caption is amended to substitute Aaron Moore and Unidentified Male motion.

Tenant in the place of "John Doe[s]" and striking remaining John Doe defendants; and it is further

ORDERED, that pursuant to N.Y. C.P.L.R. § 3215, default judgment is entered against

those defendants who were served but failed to appear, namely Emigrant Mortgage Company, Inc.;

Asset Acceptance LLC; MRC Receivables Corporation; Carmine Forgione Landscaping Inc.;

Aaron Moore; and Unidentified Male Tenant; and it is further

ORDERED, that the Mortgage recorded on October 12, 2005 in Instrument No.:

452690618 in the Office of the Westchester County Clerk is amended to correct the legal

Plaintiff shall send to ALL defendants
copies of all documents sent to the
Referee or the Court.

Copy

# U.S. Department of Housing
# And Urban Development    OMB No. 2502-0265

## Settlement Statement

Type of Loan: 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins, 4. ☐ VA  5. ☐ Conv. Ins

| B. Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|
| 1194EC | | |

NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.

NAME AND ADDRESS OF BORROWER: Brenda Smith and Jerry Smith
97 Spring Valley Road, Ossining, New York 10562

NAME AND ADDRESS OF SELLER: NA

NAME AND ADDRESS OF LENDER: First Horizon Home Loan Corporation
16 Constitution Drive, Bedford, New Hampshire 03110

PROPERTY LOCATION: 97 Spring Valley Road, New Castle (Ossining), New York 10562.
SETTLEMENT AGENT: Premier Title & Escrow Company, Inc., 165 Silver Lake Avenue Providence, RI 02909
PLACE OF SETTLEMENT: 165 Silver Lake Avenue, Providence, Rhode Island 02909
SETTLEMENT DATE: August 19, 2005    DISBURSEMENT DATE: 1 August 24, 2005

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| Contract sales price | | 401. Contract sales price | |
| Personal property | | 402. Personal property | |
| Settlement charges to borrower (from Line 1400) | $37,492.17 | 403. | |
| § East 42nd Street-Payoff | $601,641.52 | 404. | |
| School Taxes Due 9/05 | $11,509.64 | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| City/town taxes    to | | 406. City/town taxes    to | |
| County taxes    to | | 407. County taxes    to | |
| Assessments    to | | 408. Assessments    to | |
| Chase NA | $11,720.00 | 409. Chase NA | |
| Chase Manhattan | $10,951.00 | 410. | |
| | | 411. | |
| | | 412. | |
| GROSS AMOUNT DUE FROM BORROWER: | $663,314.33 | 420. GROSS AMOUNT DUE TO SELLER: | |
| AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| Principal amount of new loan(s) | $683,400.00 | 502. Settlement charges to seller (Line 1400) | |
| Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| | | 504. | |
| | | 505. | |
| | | 506. | |
| | | 507. | |
| | | 508. | |
| | | 509. | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| City/town taxes    to | | 510. City/town taxes    to | |
| County taxes    to | | 511. County taxes    to | |
| Assessments    to | | 512. Assessments    to | |
| | | 513. | |
| | | 514. | |
| | | 515. | |
| | | 516. | |
| | | 517. | |
| | | 518. | |
| | | 519. | |
| TOTAL PAID BY/FOR BORROWER: | $683,400.00 | 520. TOTAL REDUCTIONS AMOUNT DUE SELLER: | |
| CASH AT SETTLEMENT FROM/TO BORROWER: | | 600. CASH AT SETTLEMENT TO/FROM SELLER: | |
| Gross amount due from borrower (Line 120) | $663,314.33 | 601. Gross amount due to seller (Line 420) | |
| Less amount paid by/for borrower (Line 220) | $683,400.00 | 602. Less reductions in amount due seller (Line 520) | |
| CASH (From/To) Borrower | $20,085.67 | 603. CASH (From/To) Seller | |

The undersigned, identified in Section D hereof and Seller in Section E hereof, hereby acknowledge receipt of this completed Settlement Statement on August 19, 2005.

BORROWER(S)

FILED: WESTCHESTER COUNTY CLERK 03/22/2019 04:0

NYSCEF DOC. NO. 137

RECEIVED NYSCEF: 03/22/2019

description attached thereto to correct certain typographical errors contained therein; and it is further

**ORDERED,** that the lien which is adverse to the Plaintiff's interest and which remains open of record, as evidenced by a mortgage document recorded on January 12, 2005 in the Westchester County Clerk's Office under Instrument Number 442750474, held by defendant Emigrant Mortgage Company, Inc. is hereby extinguished; and it is further

**ORDERED,** that this action be, and the same is hereby referred to _Lynn P. Farrell_, Esq. of _226 Horseshoe Circle Ossining, NY 10562 914- 941-3161_ as Referee to ascertain and compute the amount due to Plaintiff herein for principal, interest and other disbursements advanced as provided for in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises can be sold in parcels, and that the Referee make his/her report with convenient speed; and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of this Rule, then the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED,** that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and ~~any other party entitled to notice.~~ _ALL parties_ _Compensation shall be $350 pursuant to CPLR § 8003(a)._

ENTER:

_Plaintiff shall move for a Judgment of Foreclosure and Sale within 30 months of this Order or the action will be dismissed, unless good cause is shown._

③

**HON. LINDA S. JAMIESON, J.S.C.**

JERRY SMITH
75 Spring Valley Road
Ossining, New York 10562
[914] 762-2921

UNITED STATE BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JERRY SMITH, *pro se*,

                              Plaintiff,

              vs.

FIRST HORIZON HOME LOAN CORPORATION;
NATIONSTAR MORTGAGE, LLC, THE BANK OF NEW
YORK MELLON F/K/A THE BANK OF NEW YORK AS
TRUSTEE FOR SECURITIZED TRUST FIRST HORIZON
ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-
FA8 TRUST, FIRST HORIZON HOME LOAN
CORPORATION,

                       Defendants

Case No: ~~CASE NO~~

LIS PENDENS

## **LIS PENDENS**

    PLEASE TAKE NOTICE that this action was commenced in the above-named court by the above-entitled Plaintiffs against the above-entitled Defendants, and is now pending. The Plaintiffs allege a real property claim affecting real property located at 75 Spring Valley Road, Ossining, New York 10562.

THIS INDENTURE, made the 16. day of February , nineteen hundred and ninety
BETWEEN

T. GEORGE SILCOTT, residing at (no #) P.O. Box 99,
Pinesbridge Road, Mount Kisco, New York

party of the first part, and

JERRY SMITH, residing at Spring Valley Road,
Ossining, New York

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars

dollars,

lawful money of the United States, and other valuable consideration paid

by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or

successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,

lying and being in the
ALL that certain plot, piece or parcel of land, with the buildings and improvements
thereon erected, situate, lying and being in the Town of New Castle, County of
Westchester and State of New York, bounded and described as follows:

BEGINNING at a point in the Northwesterly side of Glendale Spring Valley Road running
from Glendale and Ossining adjoining the land now or formerly of Edward Kirkpatrick;

THENCE along said lands of said Kirkpatrick and along a stone wall a part of the way on
a course North 29 degrees 25' 50" West 584.13 feet to an angle point;

THENCE still along said lands of Kirkpatrick North 35 degrees 41' 35" East 195.65 feet
to another angle point;

THENCE still along land of said Kirkpatrick North 36 degrees 14' 25" West 434.39 feet
to other lands of Edward Kirkpatrick;

THENCE continuing along said lands and part of the way along a stone wall North 42
degrees 05' 10" East 155.02 feet to lands now or formerly of Alexander Grinager;

THENCE along said lands of Grinager and part of the way along a stone wall the
following courses and distances:

South 39 degrees 07' 30" East 300.47 feet to a stone wall;

THENCE along said stone wall South 37 degrees 32' 20" East 174.54 feet and South 38
degrees 36' 20" East 142.56 feet to lands of Allapartos Burying Ground;

THENCE continuing along said lands and part of the way along a stone wall South 38
degrees 39' 00" East 187.33 feet to a stone wall and lands now or formerly of William
Bruun;

THENCE along said lands and along said stone wall South 46 degrees 36' 20" West 156.33
feet to an angle point and other stone wall;

Dated: _12_ day of _NOVEMBER_, 2025.

29