<u>Hon: Judge David S. Jones</u>
**Bankruptcy**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

In Re:

JERRY SMITH

                           Debtor,
_____x

**Chapter 13**
Case No:25-23089 (DSJ)
25-7030
**Motion For Reconsideration**
**Of Decision To Dismiss**
**Adversary Complaint**

      Debtor, pursuant to Federal Rule of Bankruptcy Procedure 9023.1, respectfully move this court to alter or amend its January 7, 2026, Order Dismissing Debtor Adversary Complaint, because the court deemed that Res-Judith and Collateral Estoppel preclusion were applicable, as alleged by the Creditors, for the following reasons:

1.    Rule 7001 (a) provides that bankruptcy courts has subject matter jurisdiction to hear Adversary Proceedings to recover money or property—except a proceeding to compel the debtor to deliver property to the trustee, a proceeding by an individual debtor to recover tangible personal property under §542(a), or a proceeding under §554(b), §725, Rule 2017, or Rule 6002. Rule 7001(b) provides that bankruptcy courts can hear Adversary Proceedings proceeding to determine the validity, priority, or extent of a lien or other interest in property except a proceeding under Rule 3012 or Rule 4003(d), and (f) a proceeding to determine whether a debt is dischargeable.

2.    Where there is a question of whether the previous decision went to the merits of the claim, no preclusion effects is given to the earlier decision and this court is not precluded from hearing Debtor's Adversary Compliant by Res Juditca nor Collateral Estoppel.

3, .Judgment of the pleading, a direct verdict, a judgment not withstanding verdict and summary judgment are considered "on the merits". The party asserting a prior judgment as Res Juditca or Collateral Estoppel has the burden to showing the existing of the necessary elements that the claim or issues was fairly litigated in prior proceediings. If the reason for the judgment is not clear and the reason cannot be clearly established by other proof, then the judgment should not be considered on the merits of the claim,.*(see S.M.B V. A.T.W 810 S.W 2d 601, 605 ( MO App 1991).*

4. The primary ground for denying res judicata effect to a prior judgment is if it was obtained through fraud or collusion. Bankruptcy courts, as courts of equity, have the power to inquire into the validity of a claim based on a judgment where there is an allegation of fraud in its procurement of that judgment, *(see Heiser v. Woodruff ).*

5. Bankruptcy court has the inherent power to vacate a judgment based upon fraud. Bankruptcy Rule of Civil Procedure 9024, adopts the rules regarding vacating a judgment as set out in Federal Rule of Civil Procedure 60. Rule 60(b)(3) allows the court to set aside a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party". Federal Rule of Civil Procedure 60 (d)(3), affirms the court's ability to reverse a judgment based on fraud by allowing the court to "set aside judgment for fraud on the court". Federal courts have typically refused to invoke the doctrine of fraud on the court, except in cases where there has been a direct assault on the integrity of the judicial process of the court, that have occurred in this Bankruptcy and in the prior foreclosure.

6. The party asserting fraud must show "an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Res judicata will not bar a claim if the current cause of action is not the same as the prior proceeding. The Supreme Court has held that

a bankruptcy court can consider extrinsic evidence to determine the dischargeability of a debt, even if a state court has already issued a judgment on the underlying debt, because dischargeability is a unique federal question within the bankruptcy court's exclusive jurisdiction, *( see Brown v. Felsen).*

7. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 157 and 1334, as ;this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. 2. The statutory bases for the relief requested herein are 11 U.S.C. § 105(a) and Rule 59(e) of the Federal Rules of Civil Procedure, which is made applicable to these proceedings through Rule 9023 of the Federal Rules of Bankruptcy Procedure. (

8. The Debtor has alleged that Michael Mulvey attorney for the Creditor, committed,. Fraud, Fraud on the Court and continuous acts misconduct with the intend to mislead the court and obtain and unjust summary judgment of foreclosure.

9. The Creditor committed, Fraud-Upon- The-Court, when they submitted false statements of perfection of the debt, in their proof of claim and false misstatements of how and when they obtained ownership of the debt, to avoid having to prove possession and ownership of debt arising under that August 19, 2005 contract and when they submitted false claims in this Bankruptcy.

10, 18 U.S.C. § 152(4) provides that the elements of a false claim violation are, (a).: that bankruptcy proceedings had been commenced; that creditor presented or caused to be presented a proof of claim in the bankruptcy, (b.) The proof of claim was false as to material matter; and, (c.) The Creditor knew that the proof of claim was false and submitted a claim that they knew was fraudulent.

18 U.S.C § 152,157, and 3571 provides that a person who files a fraudulent claim could be fined up to $500,000.00, imprisoned for up to 5 years, or both. The court, to protect the integrity of the court, should impose such remedy to discourage this type of harmful acts against unsuspecting Debtors, usually without counsel.

The Debtor filed his objection to Bank of New York Mellon's Claim, pursuant to, 11 U.S.C. § 502 (b) (1), that provides that if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or matured.

None of the prior judgments and decisions were on the merits of the case and the Debtor have not had a fair opportunity to litigate the factual matter in the previous state foreclosure and the Debtor has not had a fair opportunity to litigate the factual matters and present evidence of Fraud and misconduct by the Creditor and their attorneys in this bankruptcy.

Wherefore, the Debtor would request that the Court would reconsider decision to dismiss Debtor's Adversary Complaint and grant the Debtor a fair opportunity to litigate the factual matters in this bankruptcy.

Respectfully Submitted,

Dated Ossining New York 10562
January 11, 2026

_____
Jerry Smith / Pro Se
75 Spring Valley Rd.
Ossining New York 10562
Phone: (914) 762-2921